FILED
CLERK

6:28 pm, Nov 10, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE
# EASTERN DISTRICT OF NEW YORK

**Douglas C Palmer**
Clerk of Court

**Brenna Mahoney**
Chief Deputy



**Theodore Roosevelt Federal Courthouse**
**Emanuel Cellar Federal Courthouse**
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2270

**Alfonse D'Amato Federal Courthouse**
100 Federal Plaza
Central Islip, NY 11722
(631) 712-6000
Pro Se: (631) 712-6060

Date: 11|10|21
Re: 21CV3215(JMA)(SIL)

Dear *pro se* litigant:

The enclosed ⎽⎽**document**⎽⎽ is being returned without docketing or consideration for the following reason(s):

( )   The docket number and/or judges' initials are incorrect or missing.

( )   Your signature is required on all papers filed with the Court.

( )   These papers appear to be intended for another court or agency.

(✓)   Papers cannot be filed without indicating that they have been served on all parties in your action, or their
attorneys. This office *will not* forward copies of your papers to other parties or their counsel.  An affirmation
of service form is enclosed.

( )   Your papers do not meet the minimum requirements for:
　　　( )   Legibility: please type or print clearly.
　　　( )   Language: only English is acceptable.
　　　( )   Form or Content:  See forms/instructions enclosed.
　　　( )   Please indicate the documents you served on your affirmation of service.
　　　( )   Other:

( )   This Court will only accept papers on 8 ½ by 11" paper. Note that this does not include exhibits.
Documents submitted for filing should be unbound originals.

( )   Documents submitted for filing should not include (social security number, birthdate, names of minor
children, financial account number etc.)

( )   Pursuant to Local Civil Rule 5.1, discovery materials are not filed with the Court except by Order of the
Court.

( )   Your Notice of Appeal has been processed, and your case is closed. Your papers should be directed to:
United States Court of Appeals for the Second Circuit Thurgood Marshall U. S. Courthouse,
40 Foley Square, New York, NY 10007

( )   Our records indicate that you are represented by an attorney. As such, you may not file papers or
communicate directly with the Court. Please refer this matter to your attorney.

( )   The Court cannot act on your submission(s). To the extent that it is your intent to start a new action, or to
file a motion, please request the appropriate form(s) from our website or from our office.

(✓)   Other: Please do not include the email
address of any court employee
on future filings. As a reminder
filings may not be made through email without
prior approval from the court.

By: _____
J. Grady, Deputy Clerk

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 09 2021  ★

LONG ISLAND OFFICE

MAGISTRATE JUDGE STEVEN I. LOCKE
100 Federal Plaza
Central Islip, NY 11722 Courtroom 820

My wife and I are doing our best to meet the deadline of November 30TH 2021 (*Case # 21-CV-3215*) This was a replacement of Patricia Weiss with new Anthony LaPinta which is in review and should make the deadline on time.

We are Handicapped in our workplace meeting federal A.D.A. Laws and in need of an office uses granted by the Southold Trustee's as allowed mobile home structure (under 400sq.) to be parked in a handicap space for human occupation of commercial lot for both ADA and OSHA Laws.

 NYS DEC under wetlands uses allowable uses in the protected wetlands

Certificate of Occupancy issued under category **\*MARINA** and rental and sales **\*LOT** for boat and kayak rentals allowable uses

Marina our commercial property purchased under preexisting uses of an eel farm and established bait and smoke shop store that's pre dates town zoning laws and dates back to early 1950s but also the 1600s allowable uses under Andros patent use law and recorded in the history books.

The defendant insist on making my **LOT VACANT** and the court ordered 2016 Pre CO useless , (*see papers*) I believe the defendants are having me jailed and arrested before federal trial date and my due process unfairly removed. If you can do anything it would be greatly appreciated, we are granted use by the trustees but town rejected.

Thank you

Affirmation of testimony given

By Frank J. Kelly residing at 12

Bayview Ave   East Islip N.Y. and

along with a  Supreme court

order to have me jailed exhibit

documents dated 10-12-21  is

to be true to the best of my

knowledge and threats to my

handicap A.D.A. LAWS in the

workplace sincerely

Frank J.KELLY

X............................   10-9-21

This was ordered by the Supreme Court in 2016 as a remedy for the uses of office shelter as RV was 2014 approved but then denied by the trustees as a maybe but mobile home would be a better fit with septic tank removed and compost toilet would be more in line with the town board and building department requests they'd like to see (see permit)



Glenn Goldsmith, Reat
Michael J. Domino
John M. Bredemeyer III
A. Nicholas Krupski
Greg Williams

Town Hall Annex
· 54375 Route 25
P.O. Box 1179
Southold, NY 11971
Telephone (631) 765-1892
Fax (631) 765-6641

**BOARD OF TOWN TRUSTEES**
**TOWN OF SOUTHOLD**

Date/Time: __2/5/2020__ __1:15__ Completed in field by: __G. Goldsmith__

FRANK KELLY requests a Pre-Submission Inspection at his property to discuss several items.
Located: 1900 Great Peconic Bay Boulevard, Laurel. SCTM# 1000-145-4-3

**CH. 275-3 - SETBACKS**

| WETLAND BOUNDARY: | Actual Footage or OK=√ | Setback Waiver Required |
|---|---|---|
| 1. Residence: 100 feet | ____ | ____ |
| 2. Driveway: 50 feet | ____ | ____ |
| 3. Sanitary Leaching Pool (cesspool): 100 feet | ____ | ____ |
| 4. Septic Tank: 75 feet | ____ | ____ |
| 5. Swimming Pool and related structures: 50 feet | ____ | ____ |
| 6. Landscaping or gardening: 50 feet | ____ | ____ |
| 7. Placement of C&D material: 100 feet | ____ | ____ |
| **TOP OF BLUFF:** | | |
| 1. Residence: 100 feet | ____ | ____ |
| 2. Driveway: 100 feet | ____ | ____ |
| 3. Sanitary leaching pool (cesspool) 100 feet: | ____ | ____ |
| 4. Swimming pool and related structures: 100 feet | ____ | ____ |

Public Notice of Hearing Card Posted: Y / N

Ch. 275_____ Ch. 111_____ SEQRA Type: I_____ II_____ Unlisted Action_____

Type of Application: √ Pre-Submission ____ Administrative ____ Amendment ____ Wetland
____ Coastal Erosion ____ Emergency ____ Violation ____ Non-Jurisdiction

Survey ≤ 5 years: Y/N ____ Wetland Line by:_____ ____ C.E.H.A. Line

Additional information/suggested modifications/conditions/need for outside
review/consultant/application completeness/comments/standards:

RV can be considered, an above ground holding tank for septic which

is not allowed.

Called Mr. Kelly to let him know we were on the site. Called and spoke

with Mr. Kelly a second time at 1:23 and he said that he didn't need to

meet with us on site.
I have read & acknowledged the foregoing Trustees comments:_____

Agent/Owner:_____

Present were: √ J. Bredemeyer  √ M. Domino  √ G. Goldsmith  √ N. Krupski



# Board Of Southold Town Trustees

SOUTHOLD, NEW YORK

MOORING NO. N/A

PERMIT NO. 1696                           DATE: Oct. 20, 1983

ISSUED TO    James M. Murray

## Authorization

Pursuant to the provisions of Chapter 615 of the Laws of the State of New York, 1893; and Chapter 404 of the Laws of the State of New York 1952; and the Southold Town Ordinance entitled "REGULATING AND THE PLACING OF OBSTRUCTIONS IN AND ON TOWN WATERS AND PUBLIC LANDS and the REMOVAL OF SAND, GRAVEL OR OTHER MATERIALS FROM LANDS UNDER TOWN WATERS;" and in accordance with the Resolution of The Board adopted at a meeting held on Oct. 11, 19 83, and in consideration of the sum of $ 5.00 paid by James M. Murray

of Laurel                                N. Y. and subject to the Terms and Conditions listed on the reverse side hereof, of Southold Town Trustees authorizes and permits the following: Application approved under the Grandfather Clause to secure a permit number for a dock and bulkhead 180' in Brushes Creek, for commercial use.

all in accordance with the detailed specifications as presented in the originating application.

IN WITNESS WHEREOF, The said Board of Trustees here-by causes its Corporate Seal to be affixed, and these presents to be subscribed by a majority of the said Board as of this date.

Trustees



New York State
Department of Environmental Conservation

**BRIAN R. FARRISH**
Environmental Conservation Officer
Region 1 Headquarters

SUNY @ Stony Brook
50 Circle Road
Stony Brook, NY 11790-3409
www.dec.ny.gov

Tel: (631) 444-0250
Cell: (516) 351-8601
Dispatch: 1-877-457-5680

E-mail: brfarris@gw.dec.state.ny.us



## SCHEDULE A

Current SCTM No.: 1000-145.00-04.00-003.000

BEGINNING at a concrete monument set on the southerly side of Peconic Bay Boulevard at the northwest corner of the premises herein described adjoining land now or formerly of B. Mesrobian;

RUNNING THENCE along said land of B. Mesrobian South 24 degrees 15 minutes East 140.54 feet to a concrete monument;

RUNNING THENCE North 62 degrees 06 minutes East to mean high water mark of the channel or Brushes Creek;

RUNNING THENCE in a northeasterly direction along the mean high water mark of Brushes Creek to the southerly side of Peconic Bay Boulevard;

RUNNING THENCE South 69 degrees 29 minutes West along the southerly side of Peconic Bay Boulevard to the monument and point of BEGINNING.

TOGETHER with all the right, title and interest of the party of the first part, in and to Peconic Bay Boulevard adjacent to said premises to the center line thereof.

TOGETHER with all the right, title and interest of the parties of the first part of, in and to land below high water mark and under the waters of Brushes Creek adjacent to said premises.

SAID premises contains a commercial marina.



SUPERVISOR RUSSELL: There weren't a lot, there were some. Principally we have a fishing group that is basically comprised of residents from Riverhead and Southold. Now this fishing group in particular, tends to volunteer every year for the beach cleanups that we host, they have adopted beaches. And some of them, Riverhead offers guest passes to the Southold residents, Southold had never had a law that allowed us to issue guest passes to the Riverhead residents. So this is sort of an effort at diplomacy to allow the guests of residents of this town the right to have their friends come fish with them. 8-10-2010 §189-2 Night fishing parking permit.

THIS IS NOT A TOURIST CAMP , THIS IS AN ANDROS 1676 NYS PATENT LAW.

A RIGHT TO ACCESS THE WATERWAY, YES WITH SOME FRIENDS REJECTED BECAUSE ONLY GRANTED TO **RIVERHEAD** AND **SOUTHOLD** CITIZENS VIOLATION SEEN HERE .
THIS IS MY TOWN BOARD PERMISSION GRANTED THROUGH ACCESS RIGHTS 1676 TO ALL LONG ISLANDERS







We should not have been rejected three times as trailer permits for night watchmen is a Dock Masters job and as far as a hardship needed as proof a A.D.A handicap uses fits the bill to a tee .



**ELIZABETH A. NEVILLE, MMC**
**TOWN CLERK**

REGISTRAR OF VITAL STATISTICS
MARRIAGE OFFICER
RECORDS MANAGEMENT OFFICER
FREEDOM OF INFORMATION OFFICER

Town Hall, 53095 Main Road
P.O. Box 1179
Southold, New York 11971
Fax (631) 765-6145
Telephone (631) 765-1800
www.southoldtownny.gov

**OFFICE OF THE TOWN CLERK**
TOWN OF SOUTHOLD

June 11, 2018

Frank Kelly
Century Utilities
12 Bayview Avenue
PO Box 430
East Islip, NY 11730

Dear Mr Kelly:

At the regular Town Board meeting held on June 5, 2018, the Town Board denied your application for a trailer permit. A certified copy of the resolution is enclosed.

Your trailer application fee is being returned to you. Thank you.

Very truly yours,

Lynda M Rudder
Deputy Town Clerk

*Ens.*

*O.S.H.A. Health and safety department approved and required by Law 1910 employee's in the workplace. The Occupational Safety and Health Act of 1970 created **OSHA**, which sets and enforces protective workplace safety and health **standards**.

*A.D.A approved and required by Law. Americans with Disabilities Act (**ADA**) **regulations** for businesses and State and local governments MUST OBEY

*Suffolk County Health department approved and required by Law

*NYS DEC approved and required by Law

*Trustee's did two inspections one 2-5-20 RV was a possible consideration second inspection passed due to compost toilet over septic tank system approved and required by Law.

**Southold Town** denied *first Judge Luft's order* 6-11-18 by the court for us to apply for DENIED with no remedy or reason issued and it's not their jurisdiction but several permits rejected while many others including board members family approved with sleeping quarters and it's a trailer permit without a trailer JAMES DINIZIO is this right?



THIS IS DISCRIMINATION AND DO TO COLOR OF OUR SKIN



PLEASE HELP WE NEED SHELTER AND FISHERY STORE AND BATHROOMS AND ARE UNDER A CATEGORY *MARINA AND A COMMERCIAL *LOT THAT CAN'T BE VACANT 4,500 PERMITS ISSUED A YEAR & NO ONE IS DENIED ACCEPT FOR LUFT 2018 VERDICT NOT THE M1 LAW

This **Peconic Avenue** (Premises) is not my property, however Google Maps shows it's not even near any body of water it is also apparently clear that the town board (*plaintiff*) released a M1 (min.150'x150') but sadly less than a quarter acre. Zoned M-1 again the (Premises) are in a residential area but sadly the judge doesn't realize the M1 is a residential zone and faulting me instead of plaintiffs.

> **ORDERED**, that defendants' motion for summary judgment is otherwise denied and, upon searching the record, summary judgment is granted in favor of the plaintiff insofar as a permanent injunction is granted enjoining the defendants and their employees, agents, servants, representatives, lessees and all other persons acting on their behalf or in concert with them from operating a Tourist Camp and/or Recreational Vehicle Park, as those terms are defined and regulated in Chapter 253 of the Code of the Town of Southold, including but not limited to, parking, and/or using recreational vehicles, travel trailers, automobile trailers, house cars and tents for living quarters and/or overnight sleeping purposes on the property located at 1900 Peconic Avenue ("Premises") unless and until such time as all necessary certificates of occupancy, permits and/or approvals for such use are obtained from the Town of Southold; and it is further

> **ORDERED**, that, in accordance with Southold Town Code Section 280-115, no single automobile trailer or house car may be located on the Premises unless authorized by the Southold Town Board and subject to such conditions as may be prescribed by Southold Town Board.

**Background**

> The Premises have been owned by the defendants since June 2014 and consist of less than a quarter acre. Although the Premises are zoned M-1, which permits a marina use, the Premises are in a residential area.

> The undisputed evidence in the Record indicates that during the summer of 2015 and as the result of complaints made to the Town, a Town code enforcement officer responded to the Premises. During the period from July 31 through August 16, 2015 he made repeated visits to the area and observed motor homes, campers and tents on the Premises being used for living purposes and overnight sleeping. Multiple photographs taken during this time period and depicting these items are contained in the record. The code enforcement officer noted in his affidavit that he was unable to confirm the manner in which sewage was being disposed, although one of the photographs depicts a "porta potty." He also could not confirm the source of electrical power, although his affidavit notes that he observed the motor homes and camper to be illuminated at night and saw an extension cord.

1900 Great Peconic Bay Blvd Laurel cannot locate a town board vote on record leaving us to believe we were fraudulently granting a zone that can't be house built and reduced to a trailer by the plaintiffs and their private hire which out funded us to steal

Certificate of Occupancy for Preexisting in a 1983 M1 doesn't make any kind of sense but judges Tarantino/Luft/ and now Linda Kevins believes this is the remedy for us to follow as we did as we are told total trust.



TOWN OF SOUTHOLD
BUILDING DEPARTMENT
TOWN HALL
SOUTHOLD, NY 11971
TEL: (631) 765-1802
FAX: (631) 765-9502
SouthboldTown.NorthFork.net     PERMIT NO.

BUILDING PERMIT APPLICATION CHECKLIST
Do you have or need the following, before applying?
Board of Health
4 sets of Building Plans
Planning Board approval
Survey
Check
Septic Form
N.Y.S.D.E.C
Trustees
C.O. Application
Flood Permit
Single & Separate
Storm-Water Assessment Form

6898
RECEIVED
OCT 2 9 2015
BOARD OF APPEALS

DISAPPROVAL

Received                  20
Approved                  20
Disapproved a/c  8/31/15
Expiration                20

Mail to:

Phone  631/291-2285
Frank Kelly

Building Inspector

APPLICATION FOR BUILDING PERMIT

JUL 14 2015

Date  July 13, 2015

INSTRUCTIONS

a. This application MUST be completely filled in by typewriter or in ink and submitted to the Building Inspector with 4 sets of plans, accurate plot plan to scale. Fee according to schedule.
b. Plot plan showing location of lot and of buildings on premises, relationship to adjoining premises or public streets or areas, and waterways.
c. The work covered by this application may not be commenced before issuance of Building Permit.
d. Upon approval of this application, the Building Inspector will issue a Building Permit to the applicant. Such a permit shall be kept on the premises available for inspection throughout the work.
e. No building shall be occupied or used in whole or in part for any purpose whatever so ever until the Building Inspector issues a Certificate of Occupancy.
f. Every building permit shall expire if the work authorized has not commenced within 12 months after the date of issuance or has not been completed within 18 months from such date. If no zoning amendments or other regulations affecting the property have been enacted in the interim, the Building Inspector may authorize, in writing, the extension of the permit for an additional six months. Thereafter, a new permit shall be required.
APPLICATION IS HEREBY MADE to the Building Department for the issuance of a Building Permit pursuant to the Building Zone Ordinance of the Town of Southold, Suffolk County, New York, and other applicable Laws, Ordinances or Regulations, for the construction of buildings, additions, or alterations or for removal or demolition as herein described. The applicant agrees to comply with all applicable laws, ordinances, building code, housing code, and regulations, and to admit authorized inspectors on premises and in building for the necessary inspections.

FRANK J. KELLY
12 Bayview Ave, East Islip NY 11730
(Mailing address of applicant)

State whether applicant is owner, lessee, agent, architect, engineer, general contractor, electrician, plumber or builder
OWNER

Name of owner of premises  FRANK J. KELLY  AND  ELIZABETH G KELLY
(As on the tax roll or latest deed)

If applicant is a corporation, signature of duly authorized officer
W.A.
(Name and title of corporate officer)
Builders License No.     N.A.
Plumbers License No.     N.A.
Electricians License No.  N.A.
Other Trade's License No.  N.A.

1. Location of land on which proposed work will be done
1800 GREAT MEADOW APT, PERSONAL BAY BLVD, LAUREL NY.
House Number  ,  Street
County Tax Map No. 1000  Section  145.00  Block  04.00  Lot  053.000

Dan Ross my attorney saw to it that line **#6 ALL THINGS M1 OFFERS**

Which includes fishery, a store and office uses and over night guess.

Subdivision ___N.A.___        Filed Map No. ___N.A.___ Lot ___N.A.___ **RECEIVED**

2. State existing use and occupancy of premises and intended use and occupancy of proposed construction: **OCT 2 9 2015**
   a. Existing use and occupancy ___MARINA BOAT - 14 SLIPS___        **6898**

   b. Intended use and occupancy ___MARINA BOAT - 14 SLIPS___    **BOARD OF APPEALS**
                                    ~NONE~

3. Nature of work (check which applicable): New Building ___N.A.___ Addition ___N.A.___ Alteration ___N.A.___
   Repair ___N.A.___ Removal ___N.A.___ Demolition ___N.A.___ Other Work ___N.A.___
                                                                        (Description)

4. Estimated Cost ___NONE___        Fee _____
                                           (To be paid on filing this application)

5. If dwelling, number of dwelling units ___N.A.___ Number of dwelling units on each floor ___N.A.___
   If garage, number of cars ___N.A.___

✓6. If business, commercial or mixed occupancy, specify nature and extent of each type of use ___ALL THAT M1 OFFERS.___

7. Dimensions of existing structures, if any: Front ___N.A.___ Rear ___N.A.___ Depth ___N.A.___
   Height ___N.A.___ Number of Stories ___N.A.___

   Dimensions of same structure with alterations or additions: Front ___N.A.___ Rear ___N.A.___
   Depth ___N.A.___ Height ___N.A.___ Number of Stories ___N.A.___

8. Dimensions of entire new construction: From ___N.A.___ Rear ___N.A.___ Depth ___N.A.___
   Height ___N.A.___ Number of Stories ___N.A.___

9. Size of lot: Front ___107 (DATA)___ Rear ___10___ Depth WEST ___190.54___ EAST: 189

10. Date of Purchase ___06/03/2014___ Name of Former Owner ___JAMES MURPHY + SUSAN SEGUR___

11. Zone or use district in which premises are situated ___M1___

12. Does proposed construction violate any zoning law, ordinance or regulation? YES ___ NO ✗

13. Will lot be re-graded? YES ___ NO ✗ Will excess fill be removed from premises? YES N.A. NO N.A.
14. Names of Owner of premises ___FRANK J. KELLY / ELIZABETH C. KELLY___ Address ___2 BAYVIEW AVE.___ Phone No _____
    Name of Architect _____ Address _____ Phone No _____
    Name of Contractor _____ Address _____ Phone No _____

15. a Is this property within 100 feet of a tidal wetland or a freshwater wetland? * YES ✗ NO ___
    * IF YES, SOUTHOLD TOWN TRUSTEES & D.E.C. PERMITS MAY BE REQUIRED
    b. Is this property within 300 feet of a tidal wetland? * YES ✗ NO ___
    * IF YES, D.E.C. PERMITS MAY BE REQUIRED

16. Provide survey, to scale, with accurate foundation plan and distances to property lines

17. If elevation at any point on property is at 10 feet or below, must provide topographical data on survey.

18. Are there any covenants and restrictions with respect to this property? * YES ___ NO ✗
    * IF YES, PROVIDE A COPY.

STATE OF NEW YORK)
                 SS:
COUNTY OF SUFFOLK )

___FRANK J. KELLY___ being duly sworn, deposes and says that (s)he is the applicant
(Name of individual signing contract) above named.

(S)He is the ___OWNER___
              (Contractor, Agent, Corporate Officer, etc)

of said owner or owners, and is duly authorized to perform or have performed the said work and to make and file this application;
that all statements contained in this application are true to the best of his knowledge and belief; and the the work will be
performed in the manner set forth in the application filed therewith.

Sworn to before me this ___13th___ 
___13th___ day of ___DANIEL C. ROSS___
                    Notary Public, State of New York
                    No. 4907175
                    Qualified in Suffolk County
                    Notary Commission Expires Aug. 31, 20__

Dan claims this document can't be legal but it is a **Supreme Court order** that the town board which Dan voted on 1992 **NO C.O.s on vacant lots** somehow is granted by Gary Fish who decided to leave out the entire bottom half of inspections as N/A? **REALLY**



Category **MARINA** is important as well as a **LOT** which is covered under NYS Building codes as what to be on site and covered by off street parking 280-78/79 mobile home parking off street accessory uses

**USES AS A TOURIST CAMP:** never convicted of such an offense only a parking violation of a handicap trailer to provide basic human needs of ADA & OSHA Labor laws which is legal by the lower court however Judge Lufts orders was ….**if** …I was to operate a tourist camp I must file with the town board permission first. I never was or will be a tourist camp Andros patent law and combined with NYS DEC wetlands commercial usage *ARTICLE 25, - 6NYCRR PART 661* require overnight stay to provide pump out station on M1 property and  I have four portable stations and a DEC License to operate.

Brooklyn appeals court granted a hearing to dismiss all of recusal Judge Powers sentencing fines of 184,000.00 done in June of 2021 but many things are written in Judge Kevin's writings but many are false information supplied by the plaintiffs

Most of my problem is my purchased a property that was defective and was a good o boys back room deal and we feel we were robbed of our retirement funds and cannot locate a vote on this lot .

ZONING

280 Attachment 4

Town of Southold

Bulk Schedule for Business, Office and Industrial Districts
[Added 1-10-1989 by L.L. No. 1-1989; amended 8-22-1995 by L.L. No. 18-1995]

| District | LB Limited Business | HB Hamlet Business | B General Business | M-I Marine I | M-II Marine II |
|---|---|---|---|---|---|
| Minimum requirements for business, office, industrial or other nonresidential use[1] | | | | | |
| Lot size (square feet) | 80,000 | 20,000 | 30,000 | 40,000 | 80,000 |
| Lot width (feet) | 175 | 60 | 150 | 150 | 150 |
| Lot depth (feet) | 250 | 100 | 150 | 150 | 150 |
| Front yard (feet) | variable[2] | 15 | variable[2] | 20 | 35 |
| Side yard (feet) | 20 | 20 | 25 | 20 | 25 |
| Both side yards (feet) | 45 | 25 | 50 | 45 | 40 |
| Rear yard (feet) | 75 | 25 | 35 | 25 | 25 |
| Landscape area (percent) | 35 | 25 | 35 | 25 | 20 |
| Maximum permitted dimensions | | | | | |
| Lot coverage (percent) | 20 | 40 | 30 | 30 | 30 |
| Building height (feet) | 35 | 35 | 35 | 35 | 35 |
| Number of stories | 2½ | 2 | 2 | 2 | 2 |

NOTES
[1] For minimum requirements for residential uses, refer first to Density and Minimum Lot Site Schedule for Nonresidential Districts and then to appro
Schedule for Residential Districts. In the Marine I and Marine II Districts, only land above mean high water shall qualify for area calculations.
[2] Refer to appropriate zone ordinance.

Failure by plaintiffs to comply to the code

## Town of Southold, NY / Part II, General Legislation
## Chapter 189 Parking (J)

Night fishing parking permit. For the purpose of ensuring fishermen and shell fishermen parking access to the beaches, **creeks and waters within the Town of Southold** when such parking access is normally closed (10:00 p.m. to 6:00 a.m.), the following exception to § **189-2G** is hereby created:

**(1)** Night fishing parking permit.
A night fishing parking permit shall be issued by the Town Clerk or a person designated by the Town Clerk to **all persons who hold a resident, lessee or guest parking permit.**

**(2) Any motor vehicle** having a night fishing parking permit shall be deemed not to be in violation of § **189-2G** or § **189-3I** where both the night fishing permit and the resident, lessee or guest parking permit are properly displayed.

**(3)** The following rules and regulations apply:

**(a)** At the time a motor vehicle with a night fishing permit is parked at a location during a time in which parking is normally prohibited by § **189-2G** and § **189-3I**, the occupants of the vehicle must have **fishing equipment and be actively engaged in fishing.**
 The permit is nontransferable and valid only for vehicles bearing the license plate number on the permit.
**(b)** Fees. There shall be no annual fee for night fishing permits.
**(c)** Duration of permits. All night fishing permits provided for in this section shall expire at the same time as the resident, lessee or guest parking permit.
**(4)** Other regulations. Persons using parking areas pursuant to the provisions of this section shall comply with all other laws, ordinances, rules, regulations and restrictions thereto.

NIGHT FISHING PERMITS FROM 2014-2019 IN WINDOWS

This is **_Andros patent water way_** under that law all persons with in New Jersey to Maine have the right to fish Southold 1647 water way and have access hunting & fishing .Everyone on site carried a town permit and was fishing a **M1 zone** with septic station with overnight guess stay which is legal use of a commercial lot **NO WORD MENTION IN SUPREME COURT ORDERS** handed down with a jail sentence attached claiming Supreme Court writes the law as it seems fit instead of following the Law as given to others but not to my kind due to _location and skin color_ deemed a tourist .

I appreciate your time reading this mess at least Supreme Court should hear Federal case due to many orders handed down were determined to be not the law at all but a idea for a remedy that doesn't work. Love your help in this matter some of it is criminal I should have Anthony La Pinta on board soon

I NEVER MET JUDGE LUFT OR JUDGE KEVINS IN MY LIFE?

Thank you

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 09 2021 ★

LONG ISLAND OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No. 015142/2018

-----------------------------------------------------------X
TOWN OF SOUTHOLD,

**ORDER WITH
NOTICE OF ENTRY**

Plaintiff,

-against-

FRANK KELLY and ELIZABETH KELLY,

Defendants.

-----------------------------------------------------------X

TAKE NOTICE, annexed hereto please find a true copy of the Order in the above-captioned action dated October 12, 2021 and entered October 25, 2021.

TAKE FURTHER NOTICE, among other things, the annexed Order directs that "defendants shall, within 10 days from receipt of a copy of this Decision and Order, remove all property consistent with the Order and promptly file proof of same with the Court." This Order was "Received: 10/25/2021" on the NYSCEF e-filing system, with Defendant's counsel's service email identified as "attorneyhorn@optonline.net."

Dated: October 29, 2021

Yours,

DEVITT SPELLMAN BARRETT, LLP

*/s/ Scott Kreppein*

By: Scott J. Kreppein
50 Route 111, Ste 314
Smithtown, NY 11787
(631) 724-8833
S.Kreppein@DevittSpellmanLaw.com
*Attorneys for Plaintiff*

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM          INDEX NO. 015142/2015
NYSCEF DOC. NO. 66                                       RECEIVED NYSCEF: 10/25/2021

SHORT FORM ORDER

INDEX No.   015142/2015

CAL. No. _____

## SUPREME COURT - STATE OF NEW YORK
### I.A.S. PART 29 - SUFFOLK COUNTY

**PRESENT:**

**HON. LINDA KEVINS**
*Justice of the Supreme Court*

MOTION SUBMIT DATE: <u>06/01/21</u>
MOT. SEQ. # 005 - MG

---------------------------------------------------------X

TOWN OF SOUTHOLD,

                Plaintiff,

    - against -

FRANK J. KELLY, ELIZABETH B. KELLY.

                Defendants.

---------------------------------------------------------X

     Upon the following papers e-filed and read on this motion to punish in contempt; Order to Show Cause and supporting papers <u>by plaintiff, dated March 9, 2021;</u> Answering Affidavits and supporting papers <u>by defendants, dated April 5, 2021;</u> Replying Affidavits and supporting papers <u>by plaintiff, dated April 6, 2021;</u> Other ___; (and after hearing counsel in support and opposed to the motion) it is,

    ***ORDERED*** that plaintiff's motion for an order adjudicating and punishing defendants for civil and criminal contempt based upon their failure to comply with the Court's March 21, 2018 Injunction Order (Luft, J.), is granted; and it is further

    ***ORDERED, ADJUDGED AND DECREED*** that defendant Frank Kelly and defendant Elizabeth Kelly are in civil contempt and criminal contempt of court for having willfully disobeyed the Court's March 21, 2018 Injunction Order (Luft, J.) in that defendants have willfully continued to use the premises located at 1900 Peconic Bay Boulevard, Laurel, New York as a tourist camp and recreational vehicle park without obtaining approval from the Town of Southold and without obtaining a certificate of occupancy or permit, and did so in contravention of the Court's March 21, 2018 Injunction Order (Luft, J.), and such acts did defeat, impair impede and prejudice plaintiff; and it is further

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM

NYSCEF DOC. NO. 1
TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 2 of 8

INDEX NO. 015142/2015
RECEIVED NYSCEF: 10/25/2021

*ORDERED ADJUDGED AND DECREED* that such misconduct of defendants constitutes civil contempt since they failed to obey a lawful judicial order, specifically, the Court's March 21, 2018 Injunction Order (Luft, J.), which was within their power to comply with and such disobedience was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of plaintiff; and it is further

*ORDERED* that with respect to both the criminal and civil contempt adjudications, defendants are ordered to comply with the Court's March 21, 2018 Injunction Order (Luft, J.), including that defendants shall, within 10 days from receipt of a copy of this Decision and Order, remove all property consistent with the Order and promptly file proof of same with the Court; and it is further

*ORDERED* that with respect to the civil contempt adjudication, upon the failure of defendants to remove the recreational vehicles, travel trailers, automobile trailers, house cars and tents used for living quarters and/or overnight sleeping purposes as delineated in the Court's March 21, 2018 Injunction Order (Luft, J.), within 10 days from receipt of a copy of this Decision and Order, then, at defendants' expense, and upon confirmation that such vehicles and other property are owned by defendants, the plaintiff, and any agents acting on its behalf, are authorized, with 24 hours-notice to defendants, to enter the property and remove same within 20 days of defendants' failure to remove same, and plaintiff will be entitled to recover all costs and expenses incurred for the removal which may constitute its actual loss recoverable pursuant to Judiciary Law § 773; and it is further

*ORDERED* that if the recreational vehicles, travel trailers, automobile trailers, house cars and tents used for living quarters and/or overnight sleeping purposes as delineated in the Court's March 21, 2018 Injunction Order (Luft, J.) are owned by third parties, then the plaintiff must provide such nonparty owners with 30 days-notice to either remove the vehicles themselves or plaintiff shall remove them and such costs for removal shall be paid by the defendants as set forth herein; and it is further

*ORDERED* that with respect to the civil contempt adjudication, plaintiffs shall file with the Court and provide defendants with a list itemizing all of the costs associated with removal of the items delineated in the Court's March 21, 2018 Injunction Order (Luft, J.), within 10 days of such removal, and such list shall be accompanied by an attorney's affirmation, representing that the costs stated were actually incurred in connection with such removal and defendants shall have 10 days from receipt of same to pay plaintiff such costs; and it is further

*ORDERED* that if such costs are not paid as ordered herein, upon proof of nonpayment, defendant Frank Kelly and defendant Elizabeth Kelly shall be imprisoned until the costs are paid, which duration may be up to six months pursuant to Judiciary Law § 774, and upon such nonpayment plaintiff shall make a prompt application to this Court for a warrant directing the sheriff of any county of the State of New York to seize and arrest defendant Frank Kelly and defendant Elizabeth Kelly forthwith and bring them before this Court to be committed or for such further disposition as the Court directs; and it is further

*ORDERED* that in the event that defendants remove such items themselves, then defendant Frank Kelly and defendant Elizabeth Kelly are each fined $250.00 for civil contempt plus costs and expenses which shall be payable to plaintiff, pursuant to Judiciary Law § 773, within 10 days from receipt of a copy of this Decision and Order and defendants shall promptly file proof of such payment with the Court; and it is further

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM

NYSCEF DOC. NO. 56

INDEX NO. 015142/2015

RECEIVED NYSCEF: 10/25/2021

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 3 of 8

**ORDERED** that if such fines are not paid as ordered herein, upon proof of nonpayment, defendant Frank Kelly and defendant Elizabeth Kelly shall be imprisoned until the fines are paid, which duration may be up to six months pursuant to Judiciary Law § 774 and upon such nonpayment plaintiff shall make a prompt application to this Court for a warrant directing the sheriff of any county of the State of New York to seize and arrest defendant Frank Kelly and defendant Elizabeth Kelly forthwith and bring them before this Court to be committed or for such further disposition as the Court directs; and it is further

**ORDERED ADJUDGED AND DECREED** that defendant Frank Kelly and defendant Elizabeth Kelly are adjudged to be in criminal contempt pursuant to Judiciary Law § 750 (3), for their willful disobedience of the Court's March 21, 2018 Injunction Order (Luft, J); and it is further

**ORDERED ADJUDGED AND DECREED** that, as this adjudication of guilt is imposed under the Judiciary Law and not the Penal Law, defendant Frank Kelly and defendant Elizabeth Kelly shall be permitted to purge themselves of the contempt by promptly complying with the Court's March 21, 2018 Injunction Order (Luft, J.); and it is further

**ORDERED** that defendant Frank Kelly and defendant Elizabeth Kelly shall appear with counsel before the Court in IAS Part 29, located at the Alan D. Oshrin Courthouse, One Court Street, Riverhead, New York 11901, **on February 17, 2022 at 9:30 a.m.** to be sentenced upon their conviction and adjudication of criminal contempt as decided herein; and it is further

**ORDERED** that, upon failure of defendant Frank Kelly and/or defendant Elizabeth Kelly to appear as stated above, a warrant will be issued for the arrest of the non-appearing defendant(s); and it is further

**ORDERED** that plaintiff is directed to promptly serve upon the Suffolk County Clerk, notice pursuant to CPLR § 8019 [c] together with a copy of this Order and payment of any required fees; and it is further

**ORDERED** that upon Entry of this Order, plaintiff is directed to promptly serve a copy of this Order with Notice of Entry upon defendant Frank Kelly and defendant Elizabeth Kelly by personal service pursuant to CPLR § 308 and to promptly file the affidavits of service with the Clerk of the Court.

This action was commenced in August 2015 by plaintiff Town of Southold for an injunction directing defendants to comply with the Town Code of the Town of Southold by maintaining their property under the direction of the town ordinances, namely, by obtaining a certificate of occupancy and permits or other town approval before using the premises known as 1900 Peconic Bay Boulevard, Laurel, Town of Southold, County of Suffolk, New York, for parking and using recreational vehicles, travel trailers, and tents for living quarters, and for allowing and/or permitting the subject premises to be utilized as an operable marina. Subsequent to the commencement of this action, defendants use of the property as a marina was approved. Plaintiff alleges that defendants are in violation of various sections of Chapter 253 of the Town Code of the Town of Southold regarding prohibitions of use as a campground. By the undersigned's February 3, 2021 Decision and Order, plaintiff's previous motion for an order adjudicating and punishing defendant Frank Kelly and defendant Elizabeth Kelly in civil and criminal contempt was denied due to improper service.

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM     INDEX NO. 015142/2015
NYSCEF DOC. NO. 86     RECEIVED NYSCEF: 10/25/2021

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 4 of 8

Plaintiff now renews its motion for an order adjudicating and punishing both defendants for civil and criminal contempts, among other things, based upon their alleged failure to comply with the Court's March 21, 2018 Injunction Order (Luft, J.). Such Decision and Order denied defendants' motion for summary judgment, and granted summary judgment to the Town of Southold awarding them "a permanent injunction. . . enjoining the defendants and their employees, agents, servants, representatives, tenants, lessees and all other persons acting on their behalf or in concert with them from operating a Tourist Camp and/or Recreational Vehicle Park, as those terms are defined and regulated in Chapter 253 of the Code of the Town of Southold, including but not limited to, parking, and/or using recreational vehicles, travel trailers automobile trailers, house cars and tents for living quarters and/or overnight sleeping purposes on the property located at 1900 Peconic Avenue ("Premises") unless and until such time as all necessary certificates of occupancy, permits and/or approvals from the Town for such use are obtained from the Town of Southold."

Plaintiff alleges that defendants were personally served with the Court's March 21, 2018 Injunction Order (Luft, J.), on April 3, 2018, that the defendants applied for a permit, but it was denied in June 2018, and that defendants continue to violate the Town Code and the Court's March 21, 2018 Injunction Order (Luft, J). Proof of service of this motion is submitted and defendants have submitted papers in opposition.

An application to punish for both civil and criminal contempt is governed by Article 19 of the Judiciary Law. The same act may constitute both civil and criminal contempt (*Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d 1308, 900 NYS2d 508 [3d Dept 2010]).

With respect to civil contempt, pursuant to Judiciary Law § 756, the application is determined as with any other motion, and it may be initiated by notice of motion or order to show cause unless it is against a nonparty. To prevail on a motion for civil contempt, the movant must demonstrate by clear and convincing evidence (*Abizadeh v Abizadeh*, 190 AD3d 797, 136 NYS3d 772 [2d Dept 2021]; *Bennet v Liberty Lines Tr., Inc.*, 106 AD3d 1038, 967 NYS2d 390 [2d Dept 2013]; *Massimi v Massimi*, 56 AD3d 624, 869 NYS2d 558 [2d Dept 2008]) that the party to be held in contempt disobeyed "a lawful judicial order expressing an unequivocal mandate" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29, 19 NYS3d 475 [2015]). Furthermore, the party disobeying the order must have had knowledge of the order and its terms, and the movant must be prejudiced by the offending conduct (*McCain v Dinkins*, 84 NY2d 216, 616 NYS2d 335 [1994]; *Weiss v Rosenthal*, 195 AD3d 730, 150 NYS3d 284 [2d Dept 2021]). It is not necessary that the disobedience be deliberate or willful, as the mere act of disobeying is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party (*Bais Yoel Ohel Feige v Congregation Yetev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626, 910 NYS2d 174 [2d Dept 2010]).

Once a movant satisfies the burden, the burden shifts to the offender to offer evidence in defense such as the inability to comply with the order (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 19 NYS3d 475; *Matter of Weiss v Rosenthal*, 195 AD3d 730, 150 NYS3d 284; *Union Temple of Brooklyn v Seventeen Dev., LLC*, 162 AD3d 772, 79 NYS3d 194 [2d Dept 2018]). In the absence of factual evidence sufficient to refute the movant's demonstration of contempt, no hearing is required, and the matter may be summarily determined (Judiciary Law § 772; CPLR § 2218; *Gomes v Gomes*, 106 AD3d 868, 965 NYS2d 187 [2d Dept 2013]; *Town of Huntington v Reuschenberg*, 70 AD3d 814, 893 NYS2d 638 [2d Dept 2010]; *Kluge v Walter B. Cooke, Inc.*, 112 AD2d 230, 491 NYS3d 446 [2d Dept 1985]; *Quantum Heating Servs., Inc. v Austern*, 100 AD2d 843, 474 NYS2d 81 [2d Dept 1984]).

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 5 of 8

In support of its application, plaintiff submits the affidavits of Lester Baylinson and John Burke. In his affidavit, Baylinson states that he works as an ordinance inspector for the Town of Southold, and that prior to this position, he worked in the code enforcement department. He states that his responsibilities include responding to complaints, conducting investigations and issuing citations for violations of the Town Code. Baylinson states that he inspected the subject property on several occasions between May 2018 and May 2019, and that he observed the property being utilized as a campground by the housing of recreational vehicles and trailers. Baylinson avers that he issued several citations regarding same to defendant Frank Kelly between May 2018 and May 2019 for over 20 violations of the Town Code of which defendant Frank Kelly was ultimately convicted after trial in September 2019 by the Southold Town Justice Court (Hughes, J). Baylinson states that he inspected the property again in January 2020 and observed recreational vehicles, trailers and campers on the subject property. A copy of the Town of Southold's resolution adopted on June 6, 2018 is submitted indicating that defendants' application for a permit was denied, thus, given all of the above, establishes that defendants did not comply with the Court's March 21, 2018 Injunction Order (Luft, J.).

An affidavit by John Burke is submitted. Burke states that he is an assistant town attorney for the Town of Southold, and that he visited the subject premises on August 10, 2020. He states that he observed a residential structure at the subject premises that was being prepared for installation, and that he observed a number of other recreational vehicles and trailers used for living purposes which do not have certificates of occupancy or other permits. Burke states that Frank Kelly was on the subject premises supervising the installation, and that Frank Kelly indicated that he was aware of the prohibition against the installation of the structure and the presence of the other vehicles and trailers. Burke states that Frank Kelly told him he had no intention of complying with the Supreme Courts' Orders.

Here, the Town has demonstrated, by clear and convincing evidence, that defendants violated the Court's March 21, 2018 Injunction Order (Luft, J.) by failing to remove the items delineated in such Order and by failing to obtain the requisite permits, certificates of occupancy and/or approvals. The Order is clear and unequivocal, and defendants had knowledge of the Order. Furthermore, defendants' violation did defeat, impair, impede and prejudice plaintiffs' rights and remedies (*see Town Bd. of Town of Southampton v R.K.B. Realty, LLC*, 91 AD3d 628, 936 NYS2d 228 [2d Dept 2012]; *Town of Brookhaven v Mascia*, 38 AD3d 758, 833 NYS2d 519 [2d Dept 2007]).

It is worth noting that the defendants were previously held in civil contempt by the Court's October 26, 2016 Order (Tarantino, J.) based upon the defendants' failure to comply with the Court's September 10, 2015 Order (Tarantino, J.), which also prohibited defendants from using the premises as a trailer camp and/or a recreational vehicle park. Additionally, the Court notes that in a related action commenced in August 2020 under Index no. 611268/2020, this Court issued a similar injunction by its March 29, 2021 Order enjoining defendants from violating the same provisions of the Town Code of the Town of Southold by enjoining defendants from "keeping, storing, erecting, housing and/or placing structures, vehicles and trailers on the real property owned by them located at 1900 Peconic Bay Boulevard, Laurel, New York in the Town of Southold, County of Suffolk, which lack necessary permits, approvals and certificates of occupancy unless and until such time as defendants have obtained all necessary approvals from the Town of Southold." Defendants appealed such Order and the Appellate Division, by its June 4, 2021 Order, denied defendants' motion to stay enforcement of such injunction Order pending the appeal.

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM          INDEX NO. 015142/2015
NYSCEF DOC. NO. 97                                        RECEIVED NYSCEF: 10/25/2021

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 6 of 8

Significantly, here, defendants do not assert their inability to comply with the Court's March 21, 2018 Injunction Order (Luft, J.). The crux of defendants' arguments in opposition are impermissible collateral attacks upon the Judgment of Conviction from the Southold Town Justice Court (Hughes, J.) convicting defendant Frank Kelly of violating the Town Code and upon the Court's March 21, 2018 Injunction Order (Luft, J.) granting plaintiff a permanent injunction (*see Matter of Rubin Films LLC v Kaul*, 175 AD3d 419, 104 NYS3d 541 [1st Dept 2019]; *Board of Directors of Windsor Owners Corp. v Platt*, 148 AD3d 645, 49 NYS3d 293 [1st Dept 2017], *lv dismissed* 30 NY3d 986, 66 NYS3d 213 [2017]). However, although not demonstrated here, the only sufficient grounds to challenge an order underlying a contempt proceeding are that the court which entered it was without jurisdiction or the order has been stayed (*id.*).

Here, it is undisputed that the Court had jurisdiction to grant a permanent injunction. Furthermore, the Court's March 21, 2018 Injunction Order (Luft, J.) was not stayed, and it is still in effect. Although defendants have appealed the Judgment of Conviction from the Southold Town Justice Court (Hughes, J.), there is no stay of that matter. Consequently, there is nothing in defendants' opposition which warrants a hearing or denial of the instant motion (*see Matter of Vernon D. (Tarah F.)*, 119 AD3d 784, 989 NYS2d 334 [2d Dept 2014]; *Matter of People v Hooks*, 64 AD3d 1075, 883 NYS2d 378 [3d Dept 2009]; *Garbitelli v Broyles*, 257 AD2d 621, 684 NYS2d 292 [2d Dept 1999]).

Given all of the above, and defendants having failed to assert their inability to comply with the Court's March 21, 2018 Injunction Order (Luft, J.), or that the Court did not have jurisdiction to enter such Order, plaintiff's motion for an order adjudging and punishing defendant Frank Kelly and defendant Elizabeth Kelly for civil contempt is granted.

The penalty to be imposed for a civil contempt is remedial in nature and is designed to compensate the complainant, not to punish the offender (*Town Board of Town of Southampton v R.K.B. Realty, LLC*, 91 AD3d 628, 936 NYS2d 228 [2d Dept 2012]). Pursuant to Judiciary Law § 773, fines may be awarded in two situations: When actual damage results from the offender's acts, a fine may be imposed in an amount sufficient to indemnify the aggrieved party, and where the complainant's rights have been prejudiced but an actual loss cannot be established. In the latter situation, the fine is limited to $250.00, plus the complainant's costs and expenses (Judiciary Law § 773; *Matter of Ferrante v Stanford*, 172 AD3d 31, 100 NYS3d 44 [2d Dept 2019]).

Pursuant to Judiciary Law § 774, where a fine has been imposed as a penalty for civil contempt either for actual loss or as indemnity, payment may be enforced by imprisonment (*Wides v Wides*, 96 AD2d 592, 465 NYS2d 285 [2d Dept 1983]; *Ditomasso v Loverro*, 242 AD 190, 273 NYS 76 [2d Dept 1934]). The statute provides, in pertinent part: "Where the misconduct proved consists of an omission to perform an act or duty which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine imposed." However, imprisonment cannot exceed six months.

With respect to criminal contempt, pursuant to Judiciary Law § 750 (3), the court has the power to punish for criminal contempt a person guilty of, among other acts, willful disobedience of its lawful mandate. The difference between civil contempt and criminal contempt is willfulness, and the standard of proof. With respect to criminal contempt, defendants must be found guilty beyond a reasonable doubt of willfully violating an order, and such willful disobedience is an essential element of criminal contempt. Willfulness may be inferred from knowingly failing to comply with a court order. However, such

NYSCEF DOC. NO. 99

INDEX NO. 015142/2015

RECEIVED NYSCEF: 10/25/2021

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page **7** of 8

inference may be rebutted with evidence of good cause for noncompliance (*Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 993 NYS2d 348 [2d Dept 2014]).

A violation of an injunction constitutes criminal contempt where such violation is willful (*see Casavecchia v Mizrahi*, 57 AD3d 702, 869 NYS2d 864 [2d Dept 2008]). Where the application is to punish for a violation of an injunction, "the act complained of must be clearly embraced within the inhibited acts" (*Howard S. Tierney, Inc. v James*, 269 AD 348, 354, 56 NYS2d 8 [1st Dept 1945]; *see also Venables v Rovegno*, 195 AD3d 879, 135 NYS3d 834[2d Dept 2021]; *City Wide Sewer & Drain Serv. Corp. v Carusone*, 39 AD3d 687, 834 NYS2d 283 [2d Dept 2007]). Where a clear and unequivocal order issued by a court with jurisdiction is in effect and a contemnor has knowledge of it, a violation of such order must be interpreted to be willful (*Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 993 NYS2d 348).

Here, plaintiff has established that defendants committed criminal contempt beyond a reasonable doubt by willfully failing to comply with the Court's March 21, 2018 Injunction Order (Luft, J.). The Order clearly defined the acts which defendants were obliged to perform, and defendants were well aware of the Order. Through the affidavit of the Town inspector and affirmation by the assistant town attorney who both visited the property and observed recreational vehicles during the relevant time period, plaintiff has submitted sufficient proof that defendants did not remove the recreational vehicles and, therefore, did not comply with the Court's March 21, 2018 Injunction Order (Luft, J.). Additionally, defendant Frank Kelly was convicted after trial of utilizing the property as a campground during that same relevant period. Such issues were resolved under the most stringent standard of proof (beyond a reasonable doubt) and provide sufficient proof (*see People v Aguilera*, 82 NY2d 23, 603 NYS2d 392 [1993]) that defendant was using the recreational vehicles for living quarters or sleeping purposes in violation of the Court's March 21, 2018 Injunction Order (Luft, J.). The doctrine of collateral estoppel may be invoked in a civil action when the prior proceeding is a criminal proceeding and the defendant was convicted based upon facts identical to those in the civil action (*Bazazian v Logatto*, 299 AD2d 433, 749 NYS2d 537 [2d Dept 2002]).

"Due process requires that an evidentiary hearing be held to resolve conflicting claims before one can be adjudged in contempt" (*Barreca v Barreca*, 77 AD2d 793, 430 NYS2d 739 [4th Dept 1980]). Where a defense is raised in an affidavit, a hearing is required as the requisite willfulness conduct of the contemnor cannot be ascertained without a hearing. Here, defendants have failed to refute plaintiff's allegations or provide evidence of good cause for noncompliance, and therefore, no hearing is necessary and defendant Frank Kelly and defendant Elizabeth Kelly are adjudged to be in criminal contempt (*Matter of People v Hooks*, 64 AD3d 1075, 883 NYS2d 378; *Garbitelli v Broyles*, 257 AD2d 621, 684 NYS2d 292; *Guiliano v Carlisle*, 236 AD2d 364, 653 NYS2d 635 [2d Dept 1997]).

For criminal contempt, the penalties are punitive with the purpose of deterring the contemnor (*State v Unique Ideas, Inc.*, 44 NY2d 345, 405 NYS2d 656 [1978]). The maximum fine is $1,000.00 and imprisonment of up to 30 days is authorized (Judiciary Law § 751). The continuing nature of the violation may be considered and a fine may be imposed for every day that the contempt persists (*Orchard Park Cent. Sch. Dist. v Orchard Park Teachers Assn.*, 50 AD2d 462, 378 NYS2d 511 [4th Dept 1976]).

Upon the adjudication of criminal contempt, defendant Frank Kelly and defendant Elizabeth Kelly shall appear for sentencing as ordered herein, and shall be permitted to purge themselves of the criminal contempt by promptly complying with the Court's March 21, 2018 Injunction Order (Luft, J.) (*see Jones*

FILED: SUFFOLK COUNTY CLERK 10/25/2021 02:16 PM
NYSEF DOC. NO. 40

INDEX NO. 015142/2015
RECEIVED NYSCEF: 10/25/2021

TOWN OF SOUTHOLD V KELLY
INDEX NO. 015142/2015
MOT. SEQ. # 005
Page 8 of 8

*v McKanic*, 160 AD2d 870, 554 NYS2d 303[2d Dept 1990]; *Silverstein v Aldrich*, 76 AD2d 911,76 AD2d 911 [2d Dept 1980]; *Ferrara v Hynes*, 63 AD2d 675, 404 NYS2d 674 [2d Dept 1978]; *Trice v Ciuros*, 127 Misc2d 289, 485 NYS2d 689 [Sup Ct, Onondaga County 1985]; *Matter of Mayyhew*, 33 Misc3d 1222(A), 943 NYS2d 792 [Westchester County Ct 2011]).

Anything not specifically granted herein is hereby denied.

The foregoing constitutes the decision and **Order** of the Court.

LINDA KEVINS, JSC

Dated: 10/12/21

_____ **FINAL DISPOSITION**   __X__ **NON-FINAL DISPOSITION**

**_Affirmation of Service_**

SCOTT J. KREPPEIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under penalty of perjury:

On October 29, 2021, I duly served the within ORDER WITH NOTICE OF ENTRY via NYSCEF service pursuant to 22 NYCRR 202.5-b(f)(2) and 202.5-bb(c) upon counsel for Defendants Frank Kelly and Elizabeth Kelly, whose designated service email is attorneyhorn@optonline.net

Dated: October 29, 2021

Respectfully submitted,

DEVITT SPELLMAN BARRETT, LLP

_/s/ Scott Kreppein_

By: Scott J. Kreppein
50 Route 111, Ste 314
Smithtown, NY 11787
(631) 724-8833
S.Kreppein@DevittSpellmanLaw.com
_Attorneys for Plaintiff_