UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANCIS J. KELLY and ELIZABETH G. KELLY,

                                      Plaintiffs,

-against-

TOWN OF SOUTHOLD, SOUTHOLD TOWN
BOARD, Southold Town Ordinance Inspector
LESTER BAYLINSON, Southold Town Ordinance
Inspector NICOLE BUCKNER, TRUSTEES OF
THE TOWN OF SOUTHOLD, and DOES 1-10,
all individually and in their official capacities,

                                      Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-3215 (JMA) (LGD)

FILED
CLERK

2:04 pm, Sep 15, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In their June 7, 2021, Complaint, as amended on July 7, 2022 by a seven-count First Amended Complaint ("FAC"), Plaintiffs Francis J. Kelly and Elizabeth J. Kelly (together "Plaintiffs") alleged that Defendants Town of Southold (the "Town"), Southold Town Board (the "Board"), Southold Town Ordinance Inspectors Lester Baylinson and Nicole Buckner, Trustees of the Town of Southold, and John Does 1-10, individually and in their official capacities ("collectively "Defendants"), violated Plaintiffs' rights secured by: (1) the Eighth Amendment, via 42 U.S.C § 1983 (Count I); (2) the Fourteenth Amendment, via Section 1983 (Counts II, III & VI); (3) the Fifth Amendment's "takings clause," via Section 1983 (Count IV); (4) the "liberty interests" purportedly guaranteed by the Fourth, Fifth, and Fourteenth Amendments, via Section 1983 (Count V); and (5) the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, et seq. (Count VII).

On February 23, 2023, Defendants filed a motion to dismiss the FAC, which was referred to Magistrate Judge Lee G. Dunst for a Report and Recommendation ("R&R") on May 3, 2023.

(See May 3, 2023 Electronic Referral Order.) On June 7, 2023, Magistrate Judge Dunst issued an R&R wherein he recommended that Defendants' motion to dismiss be granted in its entirety, with Counts III and VII of the FAC being dismissed with prejudice, and the remaining Counts being dismissed without prejudice. (ECF No. 68.) Magistrate Judge Dunst further recommended that the Court sua sponte dismiss, with prejudice, the FAC's claims against the Board and the Trustees, as both of those parties were improperly sued as a matter of law. Now before the Court are Plaintiffs' objections to Magistrate Judge Dunst's R&R, which recommends that the Court grant Defendants' motion in its entirety and dismiss the FAC in part with prejudice, and in part without prejudice. (ECF Nos. 68,69.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Dunst's comprehensive and well-reasoned R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Dunst's R&R to which there are no objections. Next, the Court turns to the portion of the R&R to which Plaintiffs have objected. Specifically, Plaintiffs object to the R&R's: (1) conclusion that this Court lacks subject matter jurisdiction over Counts I, II and part of Count IV; (2) purported consideration of materials outside of the pleadings; and (3) finding that Plaintiffs failed to sufficiently make out their

2

"continuing violation" claims.  (See ECF Nos. 68, 69.)  Additionally, Plaintiffs raise, for the first time, a new argument as to the timeliness of their "continuing violation" allegations, claiming that the applicable limitations period was tolled between March 20, 2020 and November 3, 2020 due to New York State Executive Orders related to Covid-19.  (See ECF No. 69.)  As Plaintiffs only raised these arguments in their objections to the R&R, Magistrate Judge Dunst did not have the opportunity to evaluate the merits of these arguments in drafting the R&R.

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Dunst's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.

Accordingly, the Court grants Defendants' motion to dismiss in its entirety.  Accordingly, the Court:  (1) dismisses, with prejudice, Counts III and VII of the FAC, as well as the FAC's claims against the Board and the Trustees; and (2) dismisses the remainder of the FAC without prejudice.  However, because the merits of the tolling argument were not before the Court, Plaintiffs may, within 30 days of the date of this order, file a Second Amended Complaint, which shall be confined to those FAC claims:  (a) that were dismissed without prejudice; and (b) to which the tolling argument directly relates.  Plaintiffs are warned that failure to do so will result in the closure of this matter.

**SO ORDERED.**

Dated:  September 15, 2023
Central Islip, New York

                                                                /s/   (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE

3