UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANCIS J. KELLY and ELIZABETH G. KELLY,

                Plaintiffs,

   v.

TOWN OF SOUTHOLD, and DOES 1-10,
all individually and in their official capacity,

                Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:21-CV-3215 (JMA) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is the latest motion to dismiss ("Motion") by Defendant Town of Southold ("Defendant" or "Southold").  *See* Electronic Case File Number ("ECF No.") 86.  On August 12, 2024, District Judge Joan M. Azrack referred the Motion to the undersigned for a Report and Recommendation.  *See* August 12, 2024 Order.

This action stems from Southold's multiple denials of a trailer permit application submitted by Plaintiffs Francis Kelly and Elizabeth Kelly (together, "Plaintiffs").  Relevant to the present Motion, Plaintiffs bring the following claims in the Seconded Amended Complaint ("SAC") (*see* ECF No. 77): (1) failure to provide a reasonable accommodation, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq. ("Count I"); (2) disability discrimination, in violation of the Fourteenth Amendment's Equal Protection Clause, 42 U.S.C. § 1983 ("Section 1983") ("Count II"); (3) deprivation of substantive due process, in violation of the Fourteenth Amendment ("Count III"); and (4) facial constitutional challenges to certain provisions of the Southold Town Zoning Code (§§ 280-155, 280-81, 280-115) ("Count V").[1]

---

[1] Following a pre-motion conference on Defendant's Motion on April 17, 2024, Judge Azrack dismissed

For the reasons set forth below, the undersigned respectfully recommends that the Motion be granted in part and denied in part.

## I. BACKGROUND[2]

### A. Factual Background[3]

Since June 14, 2014, Plaintiffs have owned a commercial marina located on a triangular-shaped lot of less than an acre in Southold. *See* SAC ¶ 10. Since 1983, the property has been zoned as "M-1," which allows for commercial use for a marina property in close proximity to the water. *See id.* ¶ 11. Southold's Zoning Board of Appeals ("ZBA") has determined that the property was approved for use as a marina with parking permitted on the property. *See id.* ¶ 13. Specifically, the property was approved for "11 slip small watercraft marina (maximum length of watercraft 20 feet) and gravel parking lot without building structures." *Id.*

Plaintiffs allege that they each have disabilities that require certain accommodations at the Southold location. Mr. Kelly suffers from diabetes with neuropathy and osteoarthritis, which

---

the following claims alleged in the SAC: (1) all Section 1983 and ADA claims predicated on the June 2018 trailer permit denial; (2) Count IV asserting that a state court judgment imposing fines violates the Eighth Amendment; and (3) Count V asserting, in part, that New York Municipal Home Rule § 10, which authorized those fines, violates Plaintiffs' Due Process rights. *See* April 17, 2024 Order. Judge Azrack also ordered briefing on Plaintiffs' facial challenge to Municipal Home Rule § 10 (Count V). *See id.* While Defendant briefed the facial challenge in Count V, Plaintiffs failed to respond to this argument. *See generally* ECF No. 86-21 ("Pl. Mem."). Thus, the undersigned respectfully recommends that the Court find that Plaintiffs abandoned that portion of Count V regarding the constitutionality of Municipal Home Rule § 10. *See Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) ("[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned.") (internal quotations and citations omitted).

[2] The facts herein are taken from the SAC (ECF No. 77) and documents incorporated by reference therein and are accepted as true for the purposes of this Motion. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (accepting as true all well-pleaded allegations for purposes of a motion to dismiss); *see also Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (considering documents incorporated into the complaint by reference for purposes of a motion to dismiss).

[3] In *Kelly v. Town of Southold*, No. 21-CV-3215 (JMA) (LGD), 2023 WL 6050494, at *1-4 (E.D.N.Y. June 7, 2023), *report and recommendation adopted*, No. 21-CV-3215 (JMA) (LGD), 2023 WL 6050288 (E.D.N.Y. Sept. 15, 2023) ("*Kelly I*"), the undersigned summarized the background of the parties and the claims with respect to the First Amended Complaint (ECF No. 49). Nevertheless, the undersigned will summarize the factual allegations with respect to the SAC, as the SAC alleges new dates and new claims.

2

allegedly requires him to have access to a bathroom at all times. *See id.* ¶¶ 16-17. Ms. Kelly suffers from degenerative arthritis, which also allegedly requires her to have access to a bathroom at all times and to a bed to utilize during moments of flare ups with her medical condition. *See id.* Plaintiffs have handicap license plates for their recreational vehicle and a handicap parking permit. *See id.* ¶¶ 14-15.

In order to accommodate their disabilities, Plaintiffs have applied five times since 2018 for a trailer parking permit to allow their recreational vehicle to be parked on their marina property. Southold denied each application on the following dates: June 6, 2018, July 30, 2020, September 9, 2020, April 12, 2021, and October 3, 2023. *See id.* ¶¶ 19, 23, 26, 29, 32. Plaintiffs allege that at no point did Southold seek information to evaluate the need and feasibility of the requests or provide a specific reason or justification for their denial of the requests. *See id.* ¶ 20.

### B.    Procedural Background

On June 7, 2021, Plaintiffs filed their original complaint against multiple Defendants, including the Town of Southold itself, the Town's attorneys, members of the Town's police department, other Town officials, the Town justices, the Town trustees, Suffolk County, and members of the Suffolk County Police Department. *See* ECF No. 1. On July 7, 2022, Plaintiffs filed the First Amended Complaint ("FAC"), against only the Town of Southold, the Town Board, two Town Ordinance Inspectors, and the Trustees, while omitting the other original defendants. *See* ECF No. 49.

On June 7, 2023, the undersigned recommended to Judge Azrack that Defendants' motion to dismiss the FAC be granted in its entirety as follows: dismissing *sua sponte* with prejudice the claims against the Board and the Trustees, dismissing with prejudice the claims predicated on the June 6, 2018 permit denial as time barred, and dismissing without prejudice the remaining claims. *See Kelly I*, 2023 WL 6050494, at *14. On September 15, 2023, Judge

3

Azrack adopted the undersigned's Report and Recommendation in its entirety. *See Kelly v. Town of Southold*, No. 21-CV-3215, 2023 WL 6050288 (E.D.N.Y. Sept. 15, 2023).

On January 31, 2024, Plaintiffs filed the SAC against only the Town itself citing four additional times after 2018 when Southold rejected their trailer permit application in 2020, 2021, and 2023.  In the SAC, Plaintiffs assert violations of the ADA, the Fourteenth Amendment's Equal Protection Clause and Substantive Due Process rights, the Eighth Amendment's Excessive Fines Clause, and assert that certain provisions of Southold's Town Zoning Code and New York Municipal Home Rule § 10 are facially unconstitutional.[4]  On August 9, 2024, Defendant filed their fully briefed Motion presently before the Court.  *See* ECF No. 86.  On August 12, 2024, Judge Azrack referred the Motion to the undersigned for a Report and Recommendation.  *See* August 12, 2024 Order.

## II.   LEGAL STANDARD

Courts evaluate motions to dismiss under Rule 12(b)(6) by determining whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That standard requires the Court to accept as true all well-pled factual allegations in the SAC and consider attachments to and documents incorporated by reference in the SAC.  *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019).  While the Court accepts the SAC's well-pled allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Gamm*, 944 F.3d at 462 (explaining that a complaint must contain

---

[4] As stated above, Count IV regarding the Eighth Amendment violations and parts of Count V regarding the constitutionality of New York Municipal Home Rule § 10 have already been dismissed by Judge Azrack or recommended herein by the undersigned that they be found abandoned by Plaintiffs.  *See supra* n.1.

4

"more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Determining whether the SAC states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. Count I: ADA Claims

Defendant advances several arguments in its attempt to dismiss Plaintiffs' ADA claims. At the outset, Defendant argues that the ADA is inapplicable because the "'accommodation' Plaintiff is requesting does not relate to a governmental program or service, as the underlying use and operation of the marina is not a government program or service." *See* ECF No. 86-1 ("Def. Mem.") at 8. Defendant also argues that Plaintiffs have not pled a qualifying disability. *See* ECF No. 86-24 ("Def. Repl.") at 1. As to the merits of the claim, Defendant argues that allowing Plaintiffs a trailer on their property would not be a reasonable accommodation. *See* Def. Mem. at 9. Defendant further argues that there are no allegations in the SAC to suggest discriminatory motive. *See id.* at 9-10. The Court will address each of these arguments in turn.

#### 1. ADA Applicability

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a claim under this provision of the ADA, "a plaintiff must demonstrate (1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability." *Kane v. City of New York*, No. 22-CV-1339, 2022 WL 17553307, at *4 (E.D.N.Y. Dec. 9, 2022).

5

Courts have consistently found that Title II of the ADA is applicable to municipal zoning decisions, and thus, the Court rejects Defendant's argument that Plaintiffs' allegations are not cognizable under the ADA. *See, e.g.*, *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 151 (2d Cir. 1999) (denial of special use permit); *Chestnut Hill NY, Inc. v. City of Kingston*, No. 23-CV-1024, 2024 WL 3415116, at *9 (N.D.N.Y. July 15, 2024) (denial of a special use permit); *Rehab. Support Servs., Inc. v. City of Albany*, No. 14-CV-499, 2015 WL 4067066, at *8 (N.D.N.Y. July 2, 2015) (challenging a city zoning ordinance).

2.  <u>Qualifying Disability</u>

Regarding whether Plaintiffs have pled a qualifying disability, the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities" or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Under the ADA, "[a] qualifying disability must limit a major life activity and the limitation must be substantial." *Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023, 2023 WL 2529780, at *3 (S.D.N.Y. Mar. 15, 2023) (internal quotations omitted). The Second Circuit, however, has made clear that the standard to establish a disability that substantially limits a major life activity "is not an exacting one." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 92 (2d Cir. 2021). Further, the ADA includes "the operation of a major bodily function, including but not limited to . . . digestive, bowel, bladder." 42 U.S.C. § 12102(2)(B).

Plaintiffs allege that Mr. Kelly has "diabetes with neuropathy and osteoarthritis" and Ms. Kelly has "degenerative arthritis," which require both of them to have "access to a bathroom at all times" and Ms. Kelly "to have access to a bed to lay in during moments of flare up." *See* SAC ¶¶ 16-17. These allegations, while vague, are sufficient enough at this stage to establish disability for purposes of withstanding the motion to dismiss. *See Blair v. SUNY Univ. at Buffalo*, No. 17-CV-1317S, 2020 WL 695870, at *6 (W.D.N.Y. Feb. 11, 2020) (explaining that

6

"frequent visits to the bathroom" to manage a disease was sufficient to establish disability); *Hensel v. City of Utica*, No. 15-CV-374, 2017 WL 2589355, at *4 (N.D.N.Y. June 14, 2017) ("Given [the ADA Amendments Act of 2008's] changes to the ADA's definition of disability, diabetes is now nearly always a 'disability' under the ADA.") (internal quotations omitted); *see also Harris v. N.Y.C. Hum. Res. Admin.*, No. 20-CV-2011, 2024 WL 1348714, at *7 (S.D.N.Y. Mar. 29, 2024) (at summary judgment, finding that "there is at the very least a genuine dispute of material fact as to whether [plaintiff's] arthritis substantially limits" a major life activity).

Regarding the merits of the ADA claim, there generally are three available theories to establish discrimination: "(1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *9. Plaintiffs are pursuing two theories—(1) intentional discrimination and (2) failure to make a reasonable accommodation. *See* ECF No. 86-21 ("Pl. Mem.") at 3. Defendant argues that the SAC contains no allegations to suggest discriminatory motive and that the accommodations Plaintiffs seek are not reasonable. *See* Def. Mem. at 9-10.

### 3. Disparate Treatment

Regarding Plaintiffs' disparate treatment or intentional discrimination theory, the Court agrees with Defendant that this claim cannot survive dismissal. "To show disparate treatment, a plaintiff must allege facts allowing a plausible inference 'that animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" *Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *9 (quoting *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 606 (2d Cir. 2016)). "A bare assertion of discriminatory animus, without any specific factual support, is not sufficient to state a claim under the ADA." *Moore v. City of New York*, No. 15-CV-6600, 2017 WL 35450, at *19 (S.D.N.Y. Jan. 3, 2017), *report and recommendation adopted*, No. 15-CV-

6600, 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017).  As such, a plaintiff must point to "individual comparators or other specific evidence of disparate treatment." *Sakon v. Connecticut et al*, No. 23-CV-602, 2024 WL 4041305, at *8 (D. Conn. Sept. 4, 2024).

Here, the SAC contains no allegations of intentional discrimination.  *See generally* SAC.  Plaintiffs do not describe in any detail any discriminatory animus by Southold officials (*i.e.*, comments by officials or reasons for denial of applications) other than the vague assertion that "[n]o reason or justification for the denial [of the permit application] was provided" and that such denials were "arbitrary and capricious." *See id.* ¶¶ 31, 37; *cf. Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *10 (finding that it was "plausible to infer disability bias from disability-based comments by individuals at the public hearing").  Further, Plaintiffs do not assert any allegations of sufficient comparators.  Plaintiffs claim that Southold has allowed parking of vehicles such as "roadworthy trailer, mobile homes, mobile offices, mobile toilets, and RVs" on other "marina property" including at the "Price [sic] of Egypt marina and the Goldsmith's marina." *See* SAC ¶ 33.  However, beyond the mere mentioning of those two marinas, Plaintiffs provide no other details of what specific structures were allowed on these properties, when or why they were allowed these structures, and how these properties are similar to Plaintiffs' situation. *See Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *5 (S.D.N.Y. Jan. 8, 2021) ("[O]n a Rule 12(b)(6) motion the Court must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated.") (internal quotations omitted).  These threadbare allegations cannot support a plausible inference of disability discrimination in order to survive a motion to dismiss. *See Moore*, 2017 WL 35450, at *19 (finding plaintiff failed to plead inference of discrimination where plaintiff did "not plead a single fact about individual comparators or other specific evidence of disparate

8

treatment").

                4.      <u>Failure to Accommodate</u>

Regarding Plaintiffs' failure to accommodate theory, the Court agrees with Plaintiffs that this claim should not be dismissed at this stage of the case. "In order to prove a failure-to-accommodate claim, a plaintiff must show (1) that the plaintiff or a person who would live with the plaintiff had a handicap within the meaning of § 3602(h); (2) that the defendant knew or reasonably should have been expected to know of the handicap; (3) that the accommodation was likely necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation." *Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *11 (quoting *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014)). "An accommodation is reasonable if it does not cause any undue hardship or fiscal or administrative burdens on the municipality, or does not undermine the basic purpose that the zoning ordinance seeks to achieve." *Innovative Health Sys., Inc. v. City of White Plains*, 931 F. Supp. 222, 239 (S.D.N.Y. 1996), *aff'd in part*, 117 F.3d 37 (2d Cir. 1997).

Here, Plaintiffs claim that they requested permission to maintain a recreational trailer on their commercial property because of their claimed disabilities. *See* SAC ¶ 51. They allege that they applied for a trailer permit, pursuant to Southold's code, and were denied five times (once in 2018, twice in 2020, once in 2022, and once in 2023). *See id.* ¶¶ 19, 23, 26, 29, 32.[5] Defendant argues that granting the trailer permit and allowing this accommodation is not reasonable because the trailer "may trigger a requirement for Plaintiffs – not the Town – to make the marina ADA-compliant and remove architectural barriers to the extent readily achievable." *See* Def.

---

[5] As stated above, claims predicated on the 2018 denial have been found to be time barred. *See supra* n.1.

9

Mem. at 9. They also argue that "disregarding the Town's trailer policy and laws regarding alteration of pre-existing non-conforming uses to make an exception for Plaintiffs is not a reasonable request." *See* Def. Repl. at 6.

The Court however is not convinced by Defendant's hypothetical and summary arguments at this stage of the litigation. Defendant's argument that if it was to permit a trailer on Plaintiffs' property "that may trigger a requirement" to make the property more ADA-compliant is unavailing because it is unclear how, why, or under what ADA provision would a trailer make the property less ADA-compliant. Further, Defendant admits that this would be Plaintiffs' problem – not the Town's concern. *See* Def. Mem. at 9 ("*If* Plaintiffs were to make an alteration to the marina, including potentially adding a house trailer, that *may* trigger a requirement for *Plaintiffs – not the Town –* to make the marina ADA-compliant…") (emphasis added). Additionally, Defendant presents no argument why disregarding its policy on trailers or allowing an exception for Plaintiffs would be unreasonable. *See* Def. Repl. at 6. This is clearly a question of fact that cannot be resolved at the motion to dismiss stage. *See Innovative Health Sys., Inc.*, 931 F. Supp. at 239 ("In considering whether a proposed accommodation or modification is mandated by the ADA or the Rehabilitation Act, the Court must balance the plaintiffs' interest in operating from the South Broadway site against the defendants' interest in the integrity of its zoning scheme. Whether an accommodation or modification allowing HIS' use is 'reasonable' is clearly a question of fact that cannot be resolved on this motion to dismiss for failure to state a claim.").

Therefore, for the reasons stated above, the Court respectfully recommends denying the Motion to dismiss Count I.

### B. Count II: Equal Protection

Defendant argues that Plaintiffs' Equal Protection claim fails because they have not

sufficiently identified *prima facie* comparators. *See* Def. Mem. at 10. Plaintiffs argue that the SAC cites "other marinas were allowed parking of such vehicles even though they do not meet the Town's criteria for being granted a permit." Pl. Mem. at 7. The Court disagrees with Plaintiffs on this point.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). One way to bring an Equal Protection claim is to challenge the "selective enforcement" of a law against a plaintiff. *See Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). To establish a selective enforcement claim, a plaintiff must allege that: "(1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id.* Contrary to Plaintiffs' assertions in their briefs (and as stated above, *see* Part III.A.3), the SAC does not allege what structures were allowed on other marinas, what permits (if any) were approved, or even how these marinas are similar to Plaintiffs' property. *See* SAC ¶¶ 33, 64, 66. Accordingly, Plaintiffs have failed to sufficiently allege comparators, and thus cannot establish an equal protection claim. *See Close v. Bedford Cent. Sch. Dist.*, No. 23-CV-4595, 2024 WL 3427213, at *8 (S.D.N.Y. July 16, 2024) (finding that failure to identify similarly situated comparators is "fatal" to an Equal Protection claim); *Witt v. Vill. of Mamaroneck*, No. 12-CV-8778, 2015 WL 1427206, at *8 (S.D.N.Y. Mar. 27, 2015) (dismissing Equal Protection claim where plaintiffs failed "to proffer the necessary combination of facts" showing similarly situated comparators), *aff'd sub nom. Witt v. Vill. of Mamaroneck, N.Y.*, 639 F. App'x 44 (2d Cir. 2016).

Therefore, for the reasons stated above, the Court respectfully recommends granting

Defendant's Motion to dismiss Count II.

### C.     Count III: Substantive Due Process

Defendant argues that Plaintiffs have not alleged a vested property right and have not alleged egregious government conduct. *See* Def. Mem. at 12-13. Plaintiffs counter that they adequately alleged the existence of a federally protectable property right and that Southold infringed on that right in an arbitrary or irrational manner. *See* Pl. Mem. at 9-11. The undersigned is unconvinced by Plaintiffs' arguments.

To state a claim for a violation of substantive due process, a plaintiff must allege "1) a valid property interest in a constitutionally-protected benefit; and 2) deprivation of that interest in a manner that is arbitrary, conscience-shocking, or oppressive in the constitutional sense." *Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *12. To establish the first prong, a plaintiff must show a "clear entitlement" to the request. *Id.* "Usually, entitlement turns on whether the issuing authority lacks discretion to deny the permit, i.e., is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met." *Id.* (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)). As for the second prong, regarding the government conduct, "[m]ere irrationality is not enough: only the most egregious official conduct, conduct that shocks the conscience, will subject the government to liability for a substantive due process violation based on [the officer's] action[s]." *Lewis v. Franklin Cnty*, No. 23-CV-1647, 2024 WL 1888169, at *13 (N.D.N.Y. Apr. 30, 2024) (internal quotations omitted), *report and recommendation adopted*, No. 23-CV-1647, 2024 WL 3354920 (N.D.N.Y. July 10, 2024); *see also Medley v. Garland*, 71 F.4th 35, 49 (2d Cir. 2023) (noting that "conscience-shocking or egregious, [] is, by definition, extreme, rare, and obvious") (internal quotations omitted).

Here, Plaintiffs allege that they were "entitled to the permit to accommodate their

12

disability" and that Defendant's denials of the permit were "arbitrary, capricious and/or outrageous." *See* SAC ¶¶ 73-74. However, the Court finds these barebones allegations insufficient to establish a substantive due process claim. Regarding the second prong, Plaintiffs fail to establish, outside of the summary allegations in the SAC, why Defendant's conduct in denying the trailer permit applications was even irrational, let alone egregious. Plaintiffs do not allege that their trailer application complied with Southold's Code (because it admittedly did not) or that they were unfairly forced to submit applications inconsistent with Southold's Code. *Cf. 545 Halsey Lane Properties, LLC v. Town of Southampton*, 39 F. Supp. 3d 326, 341 (E.D.N.Y. 2014) (denying motion to dismiss substantive due process claim where plaintiffs allege, among other things, that the town "arbitrarily and without explanation required the Plaintiff to submit to a site plan approval; refused to permit the Plaintiff to erect structures permissible under the Grant which complied with the Town Code's dimensional requirements"). Furthermore, it is unclear to the Court whether Plaintiffs have even established the first prong (their entitlement to the special trailer permit) considering that Southold has discretion in granting special use permits for trailers. *See* ECF No. 86-8 ("1996 Trailer Policy") ("[I]t is the policy of the Town Board to issue such permits only upon an adequate showing of necessity and hardship, subject to such conditions relating to permit term and use as the Board shall deem appropriate."). Thus, Plaintiffs have failed to establish their substantive due process claim. *See Chestnut Hill NY, Inc.*, 2024 WL 3415116, at *13 (dismissing substantive due process claim where city had discretion to determine compliance with conditions stated in the city code); *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 424–25 (E.D.N.Y. 2021) ("Plaintiffs were not constitutionally deprived of the variances and permits because they did not meet the Town's requirements for receiving approvals and, even if they did, the Board and Department of Buildings have discretion to deny

13

Plaintiffs' applications.").

Therefore, for the reasons stated above, the Court respectfully recommends granting Defendant's Motion to dismiss Count III.

### D.     Count V: Facial Challenges

Plaintiffs allege that Southold Town Code § 280-155 is facially unconstitutional because it violates the Eighth Amendment's Excessive Fines Clause and supersedes New York's Town Law § 268, which sets forth maximum penalties for violations.  *See* SAC ¶¶ 105, 110; Pl. Mem. at 12.  In its Motion, Defendant does not address Plaintiffs' allegation that Section 280-155 is facially unconstitutional because it violates the Eighth Amendment's Excessive Fines Clause. *See* Def. Mem. at 13-15; Def. Repl. at 9-10.  Instead, Defendant argues that New York's Municipal Home Rule § 10 allows local authorities to supersede the maximum penalties for violations in New York Town Law § 268, yet cites no case law for this and instead points to a New York State Attorney General Informal Opinion from 2005.  *See* Def. Mem. at 13-14.  In any event, Plaintiffs do not respond to this argument about Municipal Home Rule § 10, and instead, reiterate that New York's Town Law § 268 preempts Section 280-155. *See* Pl. Mem. at 11-14.

In addition to challenging Section 280-155, Plaintiffs also assert facial challenges to other provisions of Southold's Town Zoning Code, including (1) the 1996 trailer parking policy (*see* SAC ¶¶ 113-16), (2) Southold Town Zoning Code § 280-81 (*see id.* ¶ 117), and (3) Southold Town Zoning Code § 280-115 (*see id.* ¶ 118).  Defendant, however, does not mention any of these challenges in its briefing (nor do Plaintiffs).  *See generally* Def. Mem.; Def. Repl.; Pl. Mem.

Because Defendant does not address Plaintiffs' facial challenges to the applicable provisions of the Southold Town Zoning Code, the Court should deem Defendant waived its right to move to dismiss those claims.  *See Malik v. City of New York*, 841 F. App'x 281, 284 (2d

14

Cir. 2021) ("[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned.") (internal quotations and citations omitted); *see also Restivo v. Hessemann*, 846 F.3d 547, 592 (2d Cir. 2017) (holding that it is not "the district court's job either to do the [parties'] homework or to take heroic measures aimed at salvaging the [parties] from the predictable consequences of self-indulgent lassitude"). Similarly, the Court should also deem that Plaintiffs waived their right to challenge the constitutionality of New York Municipal Home Rule § 10. *See supra* n.1.

Therefore, for the reasons described above, the Court respectfully recommends denying Defendant's Motion regarding the facial challenges to all the provisions of the Southold Town Zoning Code and granting Defendant's Motion regarding the facial challenge to New York's Municipal Home Rule § 10.[6]

## IV.   CONCLUSION

For the reasons stated above, the Court respectfully recommends: (1) denying the Motion as to Count I, (2) granting the Motion as to Counts II and III, and (3) granting in part and denying in part the Motion as to Count V. Accordingly, Counts II, III, and part of Count V should be dismissed with prejudice.[7]

## V.   OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and

---

[6] As stated above, the as-applied challenges to (1) New York's Municipal Home Rule § 10 and (2) the enforcement of Southold Town Code § 280-155 resulting in the imposition of fines against Plaintiffs have already been dismissed. *See Kelly I*, 2023 WL 6050494, at *7 (finding that the Court lacked subject matter jurisdiction to hear claims that Southold's Town Justice Court imposed excessive fines); Judge Azrack's April 17, 2024 Order (dismissing Count IV and the as-applied constitutional challenge to New York's Municipal Home Rule § 10).

[7] Dismissal of the aforementioned claims should be appropriate with prejudice because further amendment could not remedy the relevant deficiencies identified above. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 297 (2d Cir. 2022) (affirming dismissal of futile claim with prejudice).


Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Azrack. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated:   Central Islip
         September 26, 2024

s/ Lee G. Dunst

**LEE G. DUNST**
United State Magistrate Judge