UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANCIS J. KELLY and ELIZABETH G. KELLY,

                                                Plaintiffs,

-against-

TOWN OF SOUTHOLD, and Does 1-10, *all individually and in their official capacity*,

                                                Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-03215 (JMA) (LGD)

**FILED**
**CLERK**

11/18/2024 4:16 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Presently before the Court are Defendant Town of Southold's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"), and Magistrate Judge Lee G. Dunst's September 26, 2024, Report and Recommendation ("R&R") that the Court grant in part and deny in part Defendant's motion. (See Def.'s Mot. Dismiss, ECF No. 86); Kelly v. Town of Southold, No. 2:21-CV-3215, 2024 WL 4309616, at *1 (E.D.N.Y. Sept. 26, 2024). For the reasons explained below, the Court ADOPTS the R&R. As a result, the Court and GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss the SAC.

### I.    BACKGROUND

      The Court presumes familiarity with the SAC and the procedural background that predated it, which are described in the R&R. See Kelly, 2024 WL 4309616, at *2.

      Before Defendant briefed its motion, the undersigned dismissed the following claims: all Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 claims in the SAC "predicated on the June 2018 recreational vehicle permit denial," the SAC's Count IV asserting an Eighth Amendment claim, and the portion of the SAC's Count V that asserted an as-applied constitutional challenge to N.Y. Mun. Home Rule § 10. (ECF No. 83 at 1-2.)

In the R&R, Judge Dunst recommended that the Court grant in part and deny in part Defendant's motion by (1) dismissing the disparate treatment ADA claim in the SAC's Count I, (2) sustaining the failure to accommodate ADA claim in the SAC's Count I, (3) dismissing the equal protection and substantive due process claims in the SAC's Counts II and III, (4) dismissing the portion of the SAC's Count V that asserts N.Y. Mun. Home Rule § 10 is facially unconstitutional, and (5) sustaining the portion of the SAC's Count V that asserts facial constitutional challenges to parts of Defendant's Town Code. See Kelly, 2024 WL 4309616, at *8. The R&R specified that all deficient claims should be dismissed with prejudice. Id. The R&R also informed the parties that any objections to it must be filed within fourteen days. Id. (first citing 28 U.S.C. § 636(b)(1); and then citing Fed. R. Civ. P. 72(b)(2)).

Defendant timely objected to Judge Dunst's recommendation that the Court sustain the failure to accommodate ADA claim. (See ECF No. 88.) On October 22, 2024—twenty five days after Judge Dunst issued the R&R—Plaintiffs filed a request (with Defendant's consent) for "an enlargement of time to file a response to defendants' objections to the [R&R]." (ECF No. 89 (emphasis added).) The Court granted that request, specifying that Plaintiffs could "respond to Defendant's objections" by November 8, 2024. (Oct. 22, 2024, Electr. Order.) Plaintiffs filed a response consistent with that extended schedule—which also purports to object to Judge Dunst's recommendation that the Court dismiss the disparate treatment ADA claim. (ECF No. 90.)

## II. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). "A party seeking . . . review of the disposition ordered in a magistrate judge's R&R must file objections to the relevant portions of the report within fourteen days." ComLab,

2

Corp. v. Kal Tire, 815 F. App'x 597, 603 (2d Cir. 2020); see § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021).

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is [timely] made." § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar). By contrast, those portions of a report and recommendation to which there is no specific reasoned and timely objection are reviewed for clear error. E.g., Condoleo v. Guangzhou Jindo Container Co., 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted). Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).

### III.   DISCUSSION

**A.   Defendant's Objections Fail**

Defendant levies several objections to the R&R's conclusion that Plaintiffs pled a viable failure to accommodate claim under Title II of the ADA. (See ECF No. 88.) For the reasons set forth below, those objections are OVERRULED.

3

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To plead a claim under Title II of the ADA, a plaintiff must allege "(1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability." Hamilton v. Westchester Cnty., 3 F.4th 86, 91 (2d Cir. 2021) (quoting Tardif v. City of New York, 991 F.3d 394, 404 (2d Cir. 2021)).  A plaintiff may base a Title II claim on the failure to make a reasonable accommodation.  Id.; Tardif, 991 F.3d at 404.  Such a claim turns on "whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled.'"  Hamilton, 3 F.4th at 91 (quoting Wright v. N.Y.S. Dep't of Corr., 831 F.3d 64, 72 (2d Cir. 2016)).

The R&R concluded that Plaintiffs pled the first element of their failure to accommodate claim by alleging that they suffer certain consequences from Mr. Kelly's diabetes, neuropathy, and osteoarthritis and Mrs. Kelly's degenerative arthritis.  See Kelly, 2024 WL 4309616, at *3-4.  Defendant argues the R&R erred to the extent it described Plaintiffs' medical circumstances as "handicaps" rather than "disabilities."  (See ECF No. 88 at 4-5.)  That semantic objection holds no water.  It ignores that the R&R evaluated whether "Plaintiffs have pled a qualifying disability."  Kelly, 2024 WL 4309616, at *3 (emphasis added).

Defendant contends that Plaintiffs' failure to accommodate claim is lacking because "actual notice of what disability is claimed should be necessary under these circumstances."  (ECF No. 88 at 5.)  Defendant's motion briefing did not argue for dismissal based on supposed a lack of notice

4

about Plaintiffs' disabilities.[1]  (See generally, Def.'s Mem. Law Supp. Mot. Dismiss, ECF No. 86-1; Reply Mem. Law Further Supp. Def.'s Mot. Dismiss, ECF No. 86-24.)  "Parties 'cannot be permitted to use litigation before a magistrate judge as something akin to [a] spring training exhibition game, holding back arguments for use once the regular season begins before the district judge.'"  Smith v. Home Depot U.S.A., Inc., No. 20-CV-04125, 2024 WL 4542051, at *4 (E.D.N.Y. Oct. 22, 2024) (quoting Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)) (internal brackets omitted).  Thus, Defendant cannot now rely on an argument that it could have raised to Judge Dunst but did not.  See, e.g., Fossil Grp., Inc., 627 F. Supp. 3d at 190; Gladden, 394 F. Supp. 3d at 480; Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015).  That argument "may not be deemed [an] objection[] at all."  Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).

Defendant insists that the ADA cannot require municipalities to provide accommodations to their permitting or zoning requirements.  (See ECF No. 88 at 8.)  On the contrary, the undersigned agrees with Judge Dunst that "[c]ourts have consistently found that Title II of the ADA is applicable to municipal zoning decisions, and thus, the Court rejects Defendant's argument that Plaintiffs' allegations are not cognizable under the ADA."  Kelly, 2024 WL 4309616, at *3 (collecting cases); see Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 151 (2d Cir. 1999); Innovative Health Sys. v. City of White Plains, 117 F.3d 37, 44 (2d Cir. 1997); see also Mary Jo Co. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 163 (2d Cir. 2013) (holding that the ADA "contemplates modification to state laws, thereby permitting preemption of inconsistent state laws, when necessary to effectuate Title II's reasonable modification provision").

---

[1]  The SAC alleged that Mr. Kelly informed Defendant of his disabilities and their consequences and provided a supporting doctor's note.  (SAC, ECF No. 77 ¶ 21; see also Def.'s Mot. Dismiss Ex. O, ECF No. 86-17 at 11.)

Defendant asserts that Plaintiffs' failure to accommodate claim fails because it is "similar" to the claim at issue in Chestnut Hill NY, Inc. v. City of Kingston, No. 23-CV-01024, 2024 WL 3415116 (N.D.N.Y. July 15, 2024). (ECF No. 88 at 7-8). Not so. Chestnut Hill recognized that "[t]he duty to make reasonable accommodations is framed by the nature of the particular handicap." Id. at *11 (quoting Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 301 (2d Cir. 1998)). Applying that principle, Chestnut Hill held that the plaintiffs failed to allege how waiving fire exit structural safety requirements would reduce the effects of plaintiffs' "mental health impairments." Id. Here, there is no such disconnect between the consequences of Plaintiffs' disabilities—reportedly requiring Plaintiffs to have "access to a bathroom at all times" and requiring Mrs. Kelly "to have access to a bed to lay in during moments of flare ups"—and the remedy they sought from Defendant: permission to park at their marina a trailer equipped with a bathroom and a bed.[2] (See SAC, ECF No. 77 ¶¶ 16-17, 21.)

Finally, Defendant proclaims that "[t]he accommodation Plaintiffs are requesting modifies an essential aspects [sic] of the Town's trailer policy . . . ." (ECF No. 88 at 9; see id. at 6-7.) Under Title II of the ADA, "a defendant need not make an accommodation at all if the requested accommodation 'would fundamentally alter the nature of the service, program, or activity.'" Mary Jo Co., 707 F.3d at 153 (quoting Powell v. National Bd. of Medical Examiners, 364 F.3d 79, 88 (2d Cir. 2004)); see 28 C.F.R. § 35.130(b)(7). This determination "involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." Mary Jo Co., 707 F.3d at 153 (quoting Staron v. McDonald's Corp., 51 F.3d 353, 356 (2d Cir.

---

[2] Defendant's objection that "[t]he pleadings are deficient in identifying what discrimination or exclusion is sought to be avoided" is thus plainly meritless. (ECF No. 88 at 5.)

6

1995)). That "highly fact-specific" analysis "cannot be determined on the pleadings where the relevant factors are numerous and balancing them requires a full evidentiary record." Doe v. Franklin Square Union Free Sch. Dist., 100 F.4th 86, 100 (2d Cir. 2024) (quoting Austin v. Town of Farmington, 826 F.3d 622, 630 (2d Cir. 2016)) (internal alterations omitted). Consequently, the Court agrees with Judge Dunst that whether Plaintiffs' requested accommodation would be reasonable or fundamentally alter Defendant's trailer permitting apparatus is "a question of fact that cannot be resolved at the motion to dismiss stage." Kelly, 2024 WL 4309616, at *5 (citing Innovative Health Sys., Inc. v. City of White Plains, 931 F. Supp. 222, 239 (S.D.N.Y. 1996), aff'd in part, 117 F.3d 37 (2d Cir. 1997)).

B. **Plaintiffs' Purported Objections are Untimely**

Objections to a report and recommendation are timely if filed within fourteen days of service. See § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The R&R informed the parties of that timing restriction and the consequences of failing to meet it. Kelly, 2024 WL 4309616, at *8. The R&R was served upon Plaintiffs when the Court's ECF system emailed the R&R to Plaintiffs' counsel on September 26, 2024—the same day Judge Dunst issued the R&R. See Fed. R. Civ. P. 5(b)(1), (b)(2)(E). Plaintiffs never requested an extension of time object to the R&R. Plaintiffs instead requested and received an extension of time to "respond to Defendant's objections." (Oct. 22, 2024, Electr. Order (emphasis added).) Defendant's objections did not mention the disparate treatment ADA claim. (See generally ECF No. 88.) Plaintiffs acknowledge that dismissal of the disparate treatment ADA claim was "not objected to." (ECF No. 89 at 5.) Nonetheless, Plaintiffs filed on October 22, 2024—twenty five days after the R&R was served on them—purported objections to Judge Dunst's recommendation that the Court dismiss the disparate treatment ADA claim. (Id. at 5-6); see Fed. R. Civ. P. 6(a)(1) (addressing computation of days). The Court rejects

7

those objections as untimely. See Campbell, 782 F.3d at 102; Phillips, 832 F. App'x at 100; Lugo v. Berryhill, 390 F. Supp. 3d 453, 461 (S.D.N.Y. 2019).

### C. The Balance of the R&R is Free From Clear Error

The Court has reviewed the record and portions of the R&R to which no timely and reasoned objections were made and finds no clear error.

### IV. CONCLUSION

For the reasons stated above, the Court ADOPTS the R&R. Accordingly, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The following claims are DISMISSED: the disparate treatment ADA claim in the SAC's Count I, the SAC's Counts II and III, and the portion of the SAC's Count V that asserts N.Y. Mun. Home Rule § 10 is facially unconstitutional.

For avoidance of doubt, the Court sets forth the two remaining claims in this case: (1) the failure to accommodate ADA claim in the SAC's Count I, insofar as it does not concern the June 2018 permit denial, and (2) the facial constitutional challenge in the SAC's Count V, insofar as it does not concern N.Y. Mun. Home Rule § 10, to portions of Defendant's Town Code.

**SO ORDERED.**

Dated: November 18, 2024
       Central Islip, New York

                                    /s/ JMA
                              JOAN M. AZRACK
                     UNITED STATES DISTRICT JUDGE